IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALPHONSO P. BOND,

 Plaintiff,

vs.            Case No. 4:07cv198-WS/WCS

KEITH SAWTELL, et al.,

 Defendants.

          /

## REPORT AND RECOMMENDATION

  Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 9. As Plaintiff was granted leave to proceed *in forma pauperis*, doc. 6, the amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

  Plaintiff's amended complaint, doc. 1, names five Defendants. Two of the Defendants are police officers, two of the Defendants are Assistant State Attorneys, and the final Defendant is the State Attorney for the Second Judicial Circuit. Doc. 9. Plaintiff contends he was falsely arrested on September 17, 2006, and held in jail for more than 180 days before being acquitted of two charges. *Id.*, at 6. While Plaintiff was acquitted of the first two charges of assault and battery and unlawful confinement of Lori

Brown, Plaintiff acknowledges that he was convicted by a jury of aggravated stalking with respect to Lori Brown, a charge that Plaintiff alleges was upgraded from the original charge of unlawfully making a telephone call "with intent to annoy, abuse, threaten, or harass . . . ." *Id.*, at 6-7. Plaintiff states that he is presently incarcerated on that conviction, but has an appeal pending. *Id.*, at 7. Plaintiff alleges his rights were violated when he was falsely arrested and incarcerated for the three charges. *Id.*, at 8. Plaintiff seeks monetary compensation for those claims. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " Erickson v. Pardus, ---- U.S. ----, 127 S.Ct. 2197, 2200, ---- L.Ed.2d ----, (June 4, 2007). Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *quoted in* Erickson v. Pardus, 127 S.Ct. at 2200. This is a very liberal pleading standard, and a complaint must be liberally construed. Erickson, 127 S.Ct. at 2200. Thus, the Supreme Court noted in Erickson[1] that a complaint must give sufficient information so that a defendant may know what it is he is alleged to have done that the plaintiff is challenging.

---

[1] In reversing the dismissal of Plaintiff's complaint as being only conclusory, the Court concluded that Plaintiff had presented sufficient allegations for pleading purposes, although ultimately the allegations may not be sufficient to support the alleged Eighth Amendment claim. Erickson, 127 S.Ct. at 2199-2200.

Here, Plaintiff has made only the most "bare bones" of allegations in his amended complaint, doc. 9.  He names five different Defendants, but fails to state what *any* of those Defendants did or did not do.  Plaintiff states what happened following his arrest in describing his conviction, but Plaintiff does not make any allegations identifying how any Defendant is involved in this case.  Even with the most liberal reading of the complaint, the Defendants will not have fair notice of Plaintiff's claim against them.

Moreover, Plaintiff has failed to present any allegation which demonstrates or claims that his arrest was invalid.[2]  Plaintiff has not shown how he was falsely arrested.  The Fourth Amendment provides that one has the right to be free from unreasonable searches and seizures.  An arrest is a seizure, *see* California v. Hodari D., 499 U.S. 621, 624, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), "and the 'reasonableness' of an arrest is, in turn, determined by the presence or absence of probable cause for the arrest."  Skop v. City of Atlanta, 485 F.3d 1130, 1137 (2007).  Plaintiff has not provided any facts which provide any basis for a false arrest claim.  Merely providing an allegation that Plaintiff was acquitted on two charges, but convicted of one charge, is not sufficient, even under the liberal reading of Rule 8, to show he was arrested without probable cause.  Indeed, Plaintiff's bare bones allegations tend to dispute his own claim.  By showing that he was convicted of at least one charge stemming from his arrest, and without more being presented by Plaintiff, it appears that Plaintiff's arrest was valid.  Since Plaintiff has presented no allegations to show the invalidity of his arrest separate

---

[2] Plaintiff's claims are limited to only one claim for false arrest "because under Florida law 'false arrest and false imprisonment are different labels for the same cause of action.' " Rankin v. Evans, 133 F.3d 1425, 1431, n. 5 (11th Cir.), *cert. denied* 119 S. Ct. 67 (1998), *citing* Weissman v. K-Mart Corp., 396 So. 2d 1164, 1164, n. 1 (Fla. 3d DCA 1981).

Case No. 4:07cv198-WS/WCS

from his conviction, this case should be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**